IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                 No. CR 02-1342 MV

GLEN AND LINDA HARPER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Third Party Defendant Linda Harper's Motion for Reconsideration, filed February 15, 2010 [Doc. 53]. The Court, having considered Defendant's Motion, the relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be **GRANTED**.

In her original Motion to Vacate Order of Garnishment [Doc. 46] and her supplemental brief [Doc. 49], Defendant Linda Harper argued in general terms that: 1) Defendant Glen Harper's debt was his separate debt; and 2) Defendants' divorce made Linda Harper no longer liable for satisfaction of the debt. As the Court had issued a finding that the debt was community debt, the Court found that these arguments did not justify an order vacating the Court's garnishment order.

In contrast, Linda Harper now raises arguments and presents authority that were absent from her previous Motion to Vacate. Specifically, she cites to N.M. STAT. § 40-3-11(A) (1995), which provides:

> Community debts shall be satisfied first from all community property and all property in which each spouse owns an undivided equal interest as a joint tenant or tenant in common, excluding the residence of the spouses. Should such property be insufficient, community debts shall then be satisfied from the residence of the spouses[.] . . . Should such property be insufficient, only the separate property of the

> spouse who contracted or incurred the debt shall be liable for its satisfaction. If both spouses contracted or incurred the debt, the separate property of both spouses is jointly and severally liable for its satisfaction.

This statute clearly sets forth the priorities for satisfaction of community debts, and its plain language makes clear that Linda Harper's separate property is not liable for the satisfaction of Glen Harper's debt.

Having pointed the Court to the appropriate authority, Defendant argues that her divorce from Glen Harper renders her income separate property. The Court finds that Defendant's argument is well-taken. New Mexico law provides that "property acquired by either spouse . . . after entry of a decree of dissolution of marriage" is separate property. N.M. STAT. § 40-3-8(A)(1) (1990). Therefore, pursuant to § 40-3-11(A), Linda Harper's present wages are not liable for the satisfaction of Glen Harper's restitution order.

**IT IS THEREFORE ORDERED** that Defendant Linda Harper's Motion to Reconsider [Doc. 53] is **GRANTED**. **IT IS FURTHER ORDERED** that the Court's Memorandum Opinion and Order denying Defendant's Motion to Vacate Order of Garnishment [Doc. 52] is **WITHDRAWN**. **IT IS FURTHER ORDERED** that Defendant's Motion to Vacate Order of Garnishment [Doc. 46] is **GRANTED**.

Dated: this 15th day of March, 2010.

_____
MARTHA VAZQUEZ
U.S. DISTRICT COURT JUDGE